# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8925 | **DATE** | 1/26/2012 |
| **CASE TITLE** | Maria Guzman vs. John H. Stroger Hospital | | |

**DOCKET ENTRY TEXT**

As stated below, Plaintiff is given until February 9, 2012 to file with this court a copy of her EEOC charge and her right-to-sue letter. Plaintiff is warned that failure to file with this court a copy of her EEOC charge and her right-to-sue letter by February 9, 2012 will result in the dismissal of the instant action. The motion for leave to proceed *in forma pauperis* [4] and motion for appointment of counsel [5] are entered and continued.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Maria Guzman's (Guzman) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Guzman alleges in her complaint that she was discriminated against in her employment because of her race and national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. (Compl. Par. 9). A plaintiff cannot pursue a Title VII claim in federal court until she has first pursued "a charge of discrimination with the" Equal Employment Opportunity Commission (EEOC). *Tyson v. Gannett Co., Inc.*, 538 F.3d 781, 783 (7th Cir. 2008). A plaintiff has 90 days following the receipt of a right-to-sue letter from the EEOC to commence a Title VII action. *See, e.g., Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011)(citing 42 U.S.C. § 2000e–5(f)(1)).

Guzman alleges in her complaint that although she was allegedly discriminated against in 2004 and filed a charge with the EEOC in 2005, she did not receive a right-to-sue letter from the EEOC until September 21, 2011. Guzman, however, has not provided the court with a copy of her EEOC charge or her right-to-sue letter. Guzman's complaint states that the EEOC charge is attached, but no such charge is attached. (Compl. Par. 8(b)). In addition, although Guzman at one point in her complaint indicates that she

| STATEMENT |
|---|
| received her right-to-sue letter on September 21, 2011, Guzman asserts at another point in her complaint that she received final notice of the EEOC's final determination on September 5, 2011.  Guzman is given until February 9, 2012 to file with this court a copy of her EEOC charge and her right-to-sue letter.  Guzman is warned that failure to file with this court a copy of her EEOC charge and her right-to-sue letter by February 9, 2012 will result in the dismissal of the instant action.  The motion for leave to proceed *in forma pauperis* and motion for appointment of counsel are entered and continued. |